**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 6 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TRACY GLENN JACKSON,

     Plaintiff - Appellant,

v.

WILLIAM McCOLLUM, Physician,
Primary Health Care Provider; JERRY
OXFORD, Health Administrator,
Leavenworth KS; D. A. NITCHELLS,
Associate Warden, Leavenworth KS;
N. L. CONNERS, Warden, USP
Leavenworth,

     Defendants - Appellees.

No. 04-3228
(D.C. No. 03-CV-3071-CM)
(D. Kansas)

**ORDER AND JUDGMENT***

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

     Tracy Glenn Jackson, an inmate at USP Leavenworth ("USPL"), appeals

the district court's grant of summary judgment for defendant prison officials in

---

     * The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

his civil rights complaint which was construed as an action under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971). Jackson alleged that prison medical officials, including Dr. William McCollum, the prison Clinical Director, had denied him adequate medical care in violation of the Eighth Amendment. Because we agree with the conclusions set forth in the district court's order granting defendant's motion to dismiss, or in the alternative, summary judgment, we **AFFIRM** and **DISMISS**.

Jackson first reported pain in his left ankle to USPL officials in June 2001. He had a prior surgery for a left ankle fracture in 1997 while in state custody in North Carolina. On complaining of pain at USPL, he was initially prescribed pain medication, and later his ankle was x-rayed, revealing no injury or abnormality. Jackson did not complain again of pain in his left ankle until June 2002, since which time he has been evaluated and treated over sixteen times, has received three orthopedic consultations, two pain management evaluations, four x-rays, an MRI, and an EMG nerve study. Throughout much of this period he was provided with various pain medications, including Motrin, muscle relaxant medications, and cortisone injections in the affected area. During this time, he has also suffered from an umbilical hernia which he asserts was caused by the deliberate indifference of prison medical personnel and which defendants suggest may be congenital. Jackson does not dispute the fact that he has been provided treatment

2

for his hernia.

Seeking a reversal of the district court's grant of summary judgment, Jackson requests money damages from each of the named defendants, and an order directing his return to the Headache & Pain Management Center in Leawood, Kansas ("HPMC") for further medical treatment. Appearing before the district court, he also sought a Temporary Restraining Order and an expedited decision, both of which were denied as moot. On appeal, Jackson argues that his medical care was generally inadequate and that defendant Dr. McCollum denied him a follow-up consultation at HPMC which one physician had recommended. He also argues that he was treated with deliberate indifference in being assigned quarters on the second floor even though he used crutches, and in not being removed from active work status. As a consequence of these actions and omissions by prison medical staff, Jackson asserts that he suffered an umbilical hernia injury.

We review a grant of summary judgment de novo, viewing the evidence and drawing reasonable inferences in the light most favorable to the nonmoving party. Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999). Because Jackson is proceeding pro se, we will construe his complaint liberally. Haines v. Kerner, 404 U.S. 519, 520–21 (1972). However, we may not assume the role of an advocate for a pro se litigant. Hall v.

Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

It is well established that the conditions of prisoner confinement create an obligation on the state to provide adequate health care for a prisoner. Estelle v. Gamble, 429 U.S. 97, 103 (1976). In recognition of this duty, we have held that "[a] prison official's deliberate indifference to an inmate's serious medical needs violates the Eight Amendment." Sealock v. Colo., 218 F.3d 1205, 1209 (10th Cir. 2000). However, not all failures to provide healthcare, or even adequate, non-negligent care, rise to the level of a constitutional violation. Indeed, "[i]n order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. Where medical treatment has been provided, and there has been no intentional delay or interference with an inmate's care, mere failure to provide additional care beyond what is medically required will neither constitute "an unnecessary and wanton infliction of pain" nor be "repugnant to the conscience of mankind." Id.

On reviewing the record and the briefs, it is impossible for us to conclude that Jackson has been treated with deliberate indifference. Since first complaining of pain in his left ankle he has been evaluated and treated over sixteen times, and has received three outside orthopedic consultations, two pain management evaluations, four x-rays, an MRI, and an EMG nerve study. Neither

4

the MRI nor the EMG revealed any significant abnormality. In light of the sheer amount of medical treatment Jackson has received, we are unable to conclude that he has suffered deliberate indifference to his medical needs that would be "repugnant to the conscience of mankind." Moreover, Jackson's dissatisfaction with the care he has received does not give rise to a claim cognizable under Bivens. Indeed, we have held that "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 811 (10th Cir. 1999).

As to Jackson's claim that his umbilical hernia injury was caused by the deliberate indifference of prison medical staff, we agree with the district court that Appellant has provided no evidence to support his allegation. In light of defendants' contentions to the contrary that the hernia is likely a congenital problem, and given the extensive medical treatment he received, including surgery to correct the problem, we conclude that Jackson's appeal on this issue lacks merit.

Because Appellant has failed to assert a cognizable Eighth Amendment claim that prison medical personnel have treated him with deliberate indifference,

we **AFFIRM** the district court and **DISMISS**.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge